# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

YELLOW PAGES PHOTOS, INC.,

     Plaintiff,

v.                               Case No: 8:18-cv-1872-CEH-AEP

DEX MEDIA, INC. d/b/a "DEX
YP",

     Defendant.

---

## ORDER

This cause comes before the Court on Dex Media's Motion for Summary Judgment [Doc. 73], the Declaration of Kim Brooks [Doc. 74], Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [Doc. 112], Defendant Dex Media's Reply Brief in Further Support of its Motion for Summary Judgment [Doc. 113], and the Stipulation of Agreed Material Facts [Doc. 117]. The issues addressed here relate to whether copyright notices on—and inside—Defendant's directories, which contained various images, improperly conveyed Copyright Management Information in violation of the Digital Millennium Copyright Act. Having considered the submissions, heard oral argument on the motion and being duly advised in the premises, the Court will **GRANT** Dex Media's Motion for Summary Judgment.

# I.  BACKGROUND AND FACTS[1]

*Undisputed Material Facts*

Plaintiff Yellow Pages Photos, Inc. ("YPPI") is a Florida corporation that holds copyrights to a collection of stock photographic images. [Doc. 117 ¶ 1]. Along with its affiliates, YPPI was once in the business of licensing those images to various entities, including yellow pages publishers. *Id.* Defendant Dex Media is a Delaware corporation that provides print, mobile, and Internet advertising and business solutions to small and medium-sized businesses. *Id.* ¶ 2. Dex Media, through itself and formerly through its subsidiaries, distributes yellow pages directories throughout the country. *Id.* The yellow pages directories distributed by Dex Media contain both local business listings and advertisements and the content is received from numerous sources, including images and logos provided by customers as well as images provided by licensors and other entities. *Id.* ¶ 3. In fact, some of the images used in some of the advertisements in Dex Media's directories are owned by YPPI. [Doc. 73 ¶ 5 (*citing* Am. Compl. ¶ 30); *see also* Doc. 60 ¶¶ 33, 37, 41, 45]. Dex Media claims copyright ownership over its yellow pages directories through a copyright notice that appears on the bottom right corner of the cover page of each directory, which states: "©201[_] Dex Media. All rights reserved." *Id.* ¶¶ 6, 7. Kim Brooks testified that this copyright

---

[1] The Court has determined the facts, which are undisputed unless otherwise noted, based on the parties' submissions, including the declarations of Kim Brooks (Doc.74) and William Trent Moore (Doc. 112-1), Depositions of William Trent Moore (Doc. 73-3)and Kim Brooks (Doc. 112-2 and 113-4) and exhibits thereto, answers to interrogatories (Doc. 113-5), and Stipulation of Agreed Material Facts (Doc. 117).

notice is meant to refer to Dex Media's copyright in the directory as a whole, not to any individual image or photograph contained in the directory. [Doc. 74 ¶¶ 9-10]. As to the directories at issue in this case, the copyright notice appears in the bottom right corner of the cover of the directory, and nowhere else. [Doc. 74 ¶ 8].

*Procedural History*

On July 30, 2018, YPPI filed this action, alleging that since at least August 2015, Dex Media, YP, and YP IP have knowingly distributed copyright management information that is false with the intent to conceal their infringement of YPPI's federally registered copyrights in its photographic images. [Doc. 1 ¶ 1]. In its amended complaint, YPPI alleged that Dex Media and its direct or indirect subsidiaries YP LLC and YP Intellectual Property LLC "knowingly distributed copyright management information that is false with regard to print and web-based telephone directories that incorporate one or more of the YPPI Images" in violation of 17 U.S.C. § 1202(a). [Doc. 29 ¶¶ 4, 5, 20, 51, 54, 87, 91, 98]. It further alleged that these directories were distributed in 2015, 2016, 2017, and 2018. *Id.* ¶¶ 49, 80, 92. Each directory for the years 2015, 2016, and 2017 was marked with a copyright notice stating "© 201[_] Dex Media. All rights reserved" and each directory for the year 2018 was marked with a notice stating "© 2018 Dex YP. All rights reserved." *Id.* ¶¶ 33, 37, 41, 45. Copies of directory covers were provided as exhibits to show the Defendant's copyright notices. *Id.* ¶¶ 36, 40, 44, 48; pp. 26, 32, 49, 55, 60, 84, 94, 100, 123, 127, 143, 145.

By order dated May 24, 2019, the Court dismissed the claims against YP LLC and YP Intellectual Property LLC. [Doc. 59 at p. 15]. In so doing, the Court reasoned

that YPPI had improperly split its claims against these defendants between this action and the action filed in this Court against YP LLC on March 31, 2017, case number 8:17-cv-764-T-36JSS. *Id.* at pp. 6-9. However, the Court found that YPPI had set forth enough facts in its Amended Complaint to plausibly allege that Dex Media "knowingly and with intent" provided false copyright management information to survive dismissal of the claim against Dex Media. *Id.* at p. 14. Dex Media now moves for summary judgment. [Doc. 73].

*The Motion for Summary Judgment*

The motion for summary judgment presents several grounds. *Id.* First, Dex Media argues that a generic copyright notice of the type used on its directories does not convey false copyright management information because it does not refer to any specific copyrighted work in the directory and indicates only that Dex Media owns the copyright to the directory itself, but not any individual image contained therein. *Id.* at pp. 3, 12-16. YPPI contends that this placement argument should be rejected because copyright management information is "conveyed with" a copyrighted image if the copyright management information is "accessible in junction with or appears with that image and it matters not whether Dex Media's false copyright management information is only on the cover of the directory or located near one of the copyrighted images. [Doc. 112 at p. 9-10]. As such, YPPI's position is that Dex Media conveyed false copyright management information by placing copyright notices omitting YPPI on the cover of directories containing YPPI's copyrighted photos. *Id.* at p. 10. Additionally, YPPI argues that Dex Media also distributed directories that contained

a copyright notice in the gutter of each page, which based on existing caselaw, violated the DMCA. *Id.* at 12. In reply, Dex Media argues that this case does not involve a "gutter credit" on a YPPI image and that the cases involving the removal of such a credit do not apply here. [Doc. 113 at pp. 3-5].

Dex Media then argues that YPPI cannot provide any evidence that it either "knowingly provided false copyright information *and* that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement." [Doc. 73 at pp. 16-17]. However, YPPI contends that intent is generally a question of fact to be determined after trial and rarely amenable to summary judgment. [Doc. 112 at pp. 13-14]. Even then, YPPI contends that the Brooks declaration relied on by Dex Media is not sufficient because it conflicts with deposition testimony from Brooks that Dex Media's intent in placing copyright notices on the covers of its directories was never conveyed to her by anyone in senior management or by any legal representative and she did not know why notices were placed on individual pages. *Id.* at p. 14. Additionally, YPPI contends that Dex Media has known since April 2016 that YPPI and not Dex Media owns the copyrights in the YPPI images used in the directories at issue. *Id.* Dex Media argues in reply that this unsupported assertion is YPPI's sole attempt at establishing scienter. [Doc. 113 at pp 6-7]. The only evidence as to scienter, according to Dex Media, is the testimony of Brooks that Dex Media intended to claim a copyright only in the "book as a whole," not individual images, and Mr. Moore's testimony that he has no evidence to the contrary. *Id.* at 7-8.

Dex Media also argues that YPPI could have asserted its claim when it filed a lawsuit against it in 2016 such that the claim is barred by the doctrines of res judicata and collateral estoppel. *Id.* at pp. 3, 17-22. YPPI responds that neither doctrine supports summary judgment. As to res judicata (claim preclusion), it explains that the facts in this case are different from those in the prior action, the cause of action is not the same, and the acts occurred after the complaint in the prior action was filed. [Doc. 112 at pp. 15-7]. YPPI specifically claims that different directories are at issue in this case, which necessarily means that there are different advertisements containing different YPPI copyrighted photos. *Id.* at 16-18. YPPI further argues that collateral estoppel cannot apply because, among other things, the issues are not identical and the issue of whether Dex Media's use of YPPI's images in its directories was never actually litigated. *Id.* at 18-20. However, Dex Media counters in its reply that the attempt to avoid res judicata is without merit because at the time of the previous litigation, YPPI had all the facts it needed to assert the DMCA claim and the fact that it continued to publish directories containing the same copyright notice and YPPI notice does not change that the DMCA claim could have been asserted in that earlier litigation. [Doc. 113 at pp. 9-10]. Dex Media further argues that YPPI's response regarding the application of collateral estoppel is meritless because in order to prove that it provided false copyright management information, it must show a predicate copyright infringement which the court in the prior litigation found did not occur. *Id.* Additionally, Dex Media argues that the copyright infringement claims were actually

litigated and that the other elements for collateral estoppel were satisfied. *Id.* at pp. 10-11.

## II.   LEGAL STANDARD

Summary judgment is appropriate only when the court is satisfied that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law" after reviewing the "pleadings, the discovery and disclosure materials on file, and any affidavits[.]" Fed. R. Civ. P. 56(c)(2).   In determining whether a genuine issue of material fact exists, the Court must consider all the evidence in the light most favorable to the nonmoving party. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1164 (11th Cir. 2003). Issues of fact are "genuine only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).  A fact is "material" if it may affect the outcome of the suit under governing law.  *Id.*

The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004).   That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S. Ct. 2548. "Only when that burden has been met does

the burden shift to the non-moving party." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

"[I]n order to survive summary judgment, the nonmoving party must set forth specific facts showing there is a genuine issue for trial." *Johnson v. New Destiny Christian Ctr. Church, Inc.*, No. 19-11070, 2020 WL 5289881, at *3 (11th Cir. Sept. 4, 2020) (citing *Anderson*, 477 U.S. at 249-50). "[U]nsupported 'conclusory allegations' do not suffice." *Middlebrooks v. Sacor Fin., Inc.*, 775 F. App'x 594, 596 (11th Cir. 2019). Likewise, "[a] 'mere existence of a scintilla of evidence' cannot suffice to create a genuine issue of material fact." *Johnson*, 2020 WL 5289881, at *3 (quoting *Anderson*, 477 U.S. at 252).

## III. DISCUSSION

The Digital Millennium Copyright Act ("DMCA") was enacted in 1998 to "strengthen copyright protection in the digital age." *Aeropost Int'l Servs., Inc. v. Aerocasillas, S.A.*, No. 09-23437-CIV, 2011 WL 13174672, at *5 (S.D. Fla. Mar. 31, 2011) (*Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 435 (2d Cir. 2001)). Section 1202(a) of the DMCA provides that "[n]o person shall knowingly and with the intent to induce, enable, facilitate, or conceal infringement, provide copyright management information that is false, or distribute or import for distribution copyright management information that is false." 17 U.S.C. § 1202(a)[2]. Copyright management information includes "information conveyed in connection with copies" of a work such as

---

[2] YPPI has not asserted a claim under section 1202(b) of the DMCA.

"information set forth on a notice of copyright" and "the name of ... the author of the work." *Michael Grecco Prods., Inc. v. RGB Ventures, LLC*, No. 3:16-CV-1335-J-34PDB, 2017 WL 4077045, at *10 (M.D. Fla. Sept. 14, 2017) (citing *Roof & Rack Prods., Inc. v. GYB Investors, LLC*, No. 13–80575–CV, 2014 WL 3183278, at *5 (S.D. Fla. July 8, 2014)). As this Court has previously stated, "[section] 1202 protects the integrity of copyright management information" *Myeress v. Marmont Hill, Inc.*, No. 2:18-CV-438-FTM-38CM, 2018 WL 5293229, at *3 (M.D. Fla. Oct. 25, 2018).

### *Placement of Copyright Notice*

The first issue is whether Dex Media has provided false copyright management information relating to YPPI's images used in Dex Media's directories. Dex Media argues it has not conveyed any copyright management information, let alone false copyright management information, about YPPI's images. [Doc. 73 at p. 11-16]. It takes the position that the generic copyright notice—"© 201[_] Dex Media, Inc. All rights reserved"—located in the footer of its directories does not convey copyright management information in connection with any of the individual images within its directories. *Id.* at pp. 13-14. In fact, Dex Media asserts there is no indication that the copyright notices refer to YPPI images. *Id.* at p. 15.

There is no dispute that a copyright notice appears in the bottom right corner of the cover page of each of Dex Media's directories. [Doc. 74 ¶¶ 7, 8].[3] YPPI also

---

[3] YPPI provides documentary evidence that Dex Media places copyright notices on individual pages of directories it distributes. *See* Doc. 74 ¶ 8, Doc. 112-2 at pp. 97:1. 21 – 110:1. 12, Ex. 24-34. However, these directories are not at issue in this case, as the amended complaint only

presented evidence that some of these directories have YPPI images on the cover page, situated right above the Dex Media copyright notice. [Doc. 112-2 at p. 60: l. 1 – l. 10, Ex. 8]. As there is no dispute regarding the placement of the copyright notice on the cover page of the directories, the Court can decide as a matter of law whether Dex Media presented false copyright management information relating to YPPI's images based on the copyright notices on the cover of its directories.

The Eleventh Circuit Court of Appeals has stated that "[d]irectories can receive copyright protection as 'literary works' under 17 U.S.C.A. § 101 … [and] are also included within the definition of a 'compilation.' " *S. Bell Tel. & Tel. Co. v. Associated Tel. Directory Publishers*, 756 F.2d 801, 809 (11th Cir. 1985). The court has further explained that "[a] telephone directory compilation . . . which includes preexisting materials which themselves are capable of being copyrighted, protects the copyright interest of the author of the preexisting material and the copyright interest of the author of the compilation." *Id.* at 810. The Court illustrated this principle in *Greenberg v. Nat'l Geographic Soc.*, 533 F.3d 1244, 1249–50 (11th Cir. 2008), stating as follows:

> With respect to a "collective work," copyright extends only to materials contributed by the compiling author, as opposed to preexisting materials. *Id.* § 103(b). A copyright in a "collective work" does not imply an exclusive right in the preexisting material. *Id.* Here, each individual National Geographic Magazine issue— including the January 1962, February 1968, May 1971, and July 1990 print issues in which Greenberg's photographs first appeared—is a "particular collective work," and each of Greenberg's photographs is "part of" one of those

alleged the publication of copyright notices on the cover of Dex Media's directories. *See* Doc. 29 ¶¶ 36, 40, 44, 48.

collective works. National Geographic has the privilege of reproducing these individual magazine issues in print as often as it wishes, and Greenberg retains his copyrights in his individual photographs. At the same time, National Geographic has a copyright in the collective work as a whole—to wit, the individual magazine issues.

However, neither that court nor the Supreme Court has addressed the issue as to whether a copyright notice on the cover of a publication like a telephone directory conveys copyright management information about individual components of that publication such as copyrighted or copyrightable pictures or images contained therein so as to support a claim for violation of the DMCA. The parties therefore rely on cases that have addressed issues relating to section 1202.

In *Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 756 F. Supp. 2d 1352, 1355 (N.D. Fla. 2010), defendant Class Notes, formerly known as Einstein's Notes, was sued for its publication of note packages—for University of Florida students—which purportedly violated the copyright to textbooks and lecture notes prepared by Dr. Michael Molton, and which also purportedly resulted in violations of the DMCA. In Count Six, the Plaintiff alleged that Class Notes intentionally published false copyright management information by printing "Einstein's Notes (C)" on the cover of its note packages.[4] *Id.* at 1356. The content for Einstein Notes was provided by

_____

[4] The Third Amended Complaint alleged as follows:

In 40 instances, Defendants knowingly and with the intent to induce, enable, facilitate, or conceal infringement, included false copyright management information in the publications referred to in paragraph 34. Specifically, the publication included the

student note takers that Class Notes hired to provide lecture summaries and study materials, which Class Notes then edited. *Id.* at 1355. In granting summary judgment for Class Notes on Count Six, the United States District Court for the Northern District of Florida reasoned:

> Class Notes did not add false copyright management information in violation of the DMCA by printing "Einstein's Notes (C)" on its note packages. The note packages that Class Notes produced were a different product from Dr. Moulton's work even if, as Faulkner Press alleges, they included materials from Dr. Moulton's work. No alteration was made to Dr. Moulton's product or original work, so there was no violation of the DMCA by printing "Einstein's Notes (C)" on the note packages.

*Id.* at 1359–60. As in *Class Notes*, the yellow pages directories, a collective work, published by Dex Media were a different product, than YPPI's copyrighted images. And there is no evidence that any alteration was made to YPPI's copyrighted images.

Likewise, the Northern District of Georgia has addressed a similar situation. In *Watson v. Kappa Map Grp., LLC*, No. 1:14-CV-100-TWT, 2015 WL 3932425, at *1 (N.D. Ga. June 25, 2015), Defendant used Plaintiff's photograph of the Atlanta Westin Towers on the front cover of a single-print run of its 2012 Atlanta street map directory. There was no copyright management information on the front cover but a notice was included inside the front cover of the map, stating "Copyright © Kappa

---

phrase "Einstein's Notes (C)" followed by a date on the cover of each publication or at the bottom of every page.

*Faulkner Press, L.L.C. v. Class Notes, L.L.C.*, 2009 WL 3642833 (N.D.Fla.)

Map Group, LLC 2012. Portions © Navteq 2011." *Id.* Defendant posted the notice "Photo: Atlanta, Georgia, Photographer: azroby / CC–BY–ND–2.0" on the back cover, attributing the photo to a Flickr user known as Robert C. having the username "azroby." *Id.* Plaintiff filed an action alleging, among other things, that Defendant conveyed false copyright management information by the notice inside the front cover of the map. *Id.* at 1-2. The court granted summary judgment for Defendant on this claim, finding that the notice related to the entire map and not the specific image. *Id.* at 2. The court reasoned that the notice was not on or next to the image and there was no indication whatsoever that the copyright notice referred to the image. *Id.* The District of Columbia addressed an identical claim involving defendant *Kappa Map Grp., LLC,* and held that the facts dictated the same result as in *Watson. Drauglis v. Kappa Map Grp.*, LLC, 128 F. Supp. 3d 46, 61 (D.D.C. 2015). That court reasoned that copyright management information was not conveyed in connection with Plaintiff's photograph used as the cover art for a commercially-released Montgomery County, Maryland street atlas as the copyright information was on the inside of the Atlas and the photograph was on the outside. *Id.*

Dex Media also relies on cases involving general copyright notices on webpages. In *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, No. 11 C 5177, 2012 WL 414803, at *7 (N.D. Ill. Feb. 8, 2012), the Northern District of Illinois stated that "as a matter of law, if a general copyright notice appears on an entirely different webpage than the work at issue, then that CMI is not 'conveyed' with the work and no claim will lie under the DMCA" and that "PKI cannot base a DMCA claim on

Defendants' general copyright notices placed elsewhere on the site." Subsequently, the District of Arizona in *SellPoolSuppliesOnline.com LLC v. Ugly Pools Arizona, Inc.*, 344 F. Supp. 3d 1075, 1083 (D. Ariz. 2018), held that Defendant's copyright notice, "Copyright 2015 We Fix Ugly Pools. All Rights Reserved," which appeared on Defendant's allpoolsupplies.com website did not convey copyright management information regarding Plaintiff's photographs—that appeared on Plaintiff's nearly identical website www.poolandspapartsnow.com. Relying significantly on *Pers. Keepsakes*, the court reasoned that Defendant's copyright notice did not constitute actionable copyright management information because it appears at the bottom of the webpages in a shaded block that separates the copyright notice from the content on the webpages, including the photographs; the photographs are located outside of the shaded box; and the copyright notice is not in the body of, or the area around, the work at issue—the photographs. *Id.* at 1083. The Ninth Circuit Court of Appeals affirmed that decision, concluding:

> Based on the following undisputed facts, Defendants' copyright notice did not suggest that it was associated with or linked to Plaintiff's photos: Defendants' copyright notice was located at the bottom of the webpage in a shaded box, separating it from the rest of the content on the webpage; Defendants' notice was generic and did not communicate that Defendants owned the photos; Defendants' notice was not located on or next to Plaintiff's photos; and Plaintiff's photos were imprinted with their own copyright markings.

*SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.*, 804 F. App'x 668, 671 (9th Cir. 2020). The Southern District of California has also taken this approach, flatly rejecting a claim that Defendant distributed false copyright information where

Defendant displayed its own copyright notice on the same webpage as Plaintiff's photograph. *Stevens v. Corelogic, Inc.*, 194 F. Supp. 3d 1046, 1051 (S.D. Cal. 2016), *aff'd,* 893 F.3d 648 (9th Cir. 2018), *withdrawn from bound volume, and aff'd*, 899 F.3d 666 (9th Cir. 2018).

The cases relied on by YPPI are factually distinguishable and do not touch on the specific issue to be resolved here. For instance in *Murphy v. Millennium Radio Group LLC*, 650 F.3d 295, 305 (3rd Cir. 2011), the defendant scanned Plaintiff's copyrighted image from a magazine and posted it to two websites, but in scanning the images it eliminated the gutter credit[5] naming Plaintiff as the author of the image. Unlike in *Murphy*, YPPI has not alleged that Dex Media altered or removed copyright management information. *Id.* at 301. Nor is there any evidence in the record that Dex Media altered or removed copyright management information.

Likewise, the Southern District of New York and the Second Circuit Court of Appeals did not address a situation like we have here when they decided *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 371 (S.D.N.Y. 2019), aff'd, 970 F.3d 167 (2d Cir. 2020). Instead, they addressed the removal or alteration of copyright management information. 970 F.3d at 169. That case stems from BuzzFeed's use of Plaintiff's photograph which had been published in the New York Post under a license from Plaintiff. *Id.* at 169. The photograph depicted a man named Raymond Parker, who

---

[5] In that case, the court defined a gutter credit as a credit placed in the inner margin, or "gutter," of a magazine page, ordinarily printed in a smaller type and running perpendicular to the relevant image on the page.

was the lead figure in a discrimination lawsuit filed by federal prosecutors against the City of New York, and it was published alongside an article titled "Bharara sues city over NYPD rejecting man with HIV." *Id.* Plaintiff's name was listed below the photograph. *Id.* BuzzFeed subsequently published an article about Parker, which was accompanied by Plaintiff's photograph and a credit to Fisher & Taubenfeld—Parker's attorneys' law firm. *Id.* Among other things, the district court held that Plaintiff's gutter credit constituted copyright management information and that BuzzFeed distributed the photograph with altered and missing CMI. *Id.* at 170. The appellate court affirmed. *Id.* at 174. Nonetheless, the present case does not involve the removal or alteration of copyright management information and *BuzzFeed* did not address the issue as to whether a copyright notice on the cover of a directory conveys copyright management information regarding individual elements of the directory such as pictures.

In fact, none of the gutter credit cases presented by YYPI—addressing removal or alteration of copyright management information—apply to the facts here. *Sadowski v. Roser Commc'ns Network, Inc.*, No. 6:19-CV-592, 2020 WL 360815, at *1 (N.D.N.Y. Jan. 22, 2020), involved a picture of a neon New York lottery sign, taken at night that was published in the New York Post with a gutter credit to Plaintiff and that was subsequently published on Defendant's website without permission and without the credit. While the court in *Agence France Presse v. Morel*, 769 F. Supp. 2d 295, 304-305 (S.D.N.Y. 2011), rejected the movant's argument that copyright management must be removed from a photograph itself to state a claim for removal or alteration of copyright management information, the court also noted, specifically, that Agence France Presse

had labeled Morel's photos with the credit lines "AFP/Getty/ Daniel Morel" and "AFP/Getty/Lisandro Suero;" Suero had falsely posted Morel's photos to his Twitpic page and included a message on his Twitter profile that he had exclusive photos for copyright and credit. *Id.* at 304. And *BanxCorp v. Costco Wholesale Corp.*, 723 F. Supp. 2d 596, 610 (S.D.N.Y. 2010), presented a situation where Defendants allegedly used slightly different copyright management information than that laid out in the License Agreement with Plaintiff and the court further found there were issues of fact as to the placement of the copyright management information such that summary judgment was not proper. Also not analogous to this case is *Pierson v. Infinity Music & Entm't, Inc.*, 300 F. Supp. 3d 390, 396 (D. Conn. 2018), where the court specifically found that a link to the Terms of Use appeared at the bottom of each relevant webpage, and clearly stated that they are intended to cover all content on the website. Again, this and the other cases cited by YPPI do not support their claim that Dex Media's cover page copyright notice was conveyed in connection with YPPI's images and thus violates § 1202(a) of the DMCA.

Having considered the record before the Court, cases presented by the parties and having conducted its own independent research, the Court finds, as a matter of law, that Dex Media's copyright notice did not convey copyright management information regarding YPPI's images. Dex Media's copyright notice is on the bottom right corner of the cover page of its directories. The copyright notice for the directories at issue does not appear on the subsequent pages of the directories or on any images or photographs that are used in advertisements in the directories. YPPI's images

appear on inside pages of the directory and within advertisements on select front covers. Much like the copyright notice on the study notes in *Faulkner Press* and the atlases in *Watson* and *Drauglis*, the copyright notice on the directories conveyed copyright management information about the directories as a whole. As the directories receive copyright protection as a compilation, separate and apart from any preexisting work included therein, Dex Media is entitled to convey copyright management information about its own work, i.e., the directory. *Greenberg*, 533 F.3d at 1249–50. The copyright notices do not contain any indication that they are associated with or linked to YYPI's photos, such as language specifying that the copyright covered all content within the directory. Accordingly, summary judgment is warranted on YPPI's claim that Dex Media's copyright notice conveyed copyright management information about YPPI's images used inside and on front covers of Dex Media directories.

### Intentional Conduct

Dex Media further argues that there is no evidence it acted with "intent" to distribute false copyright management information or conceal infringement. The Court agrees. YPPI raises the general rule that a party's state of mind such as knowledge or intent is a question of fact and rarely amenable to summary judgment. While this is true, the Eleventh Circuit has also stated that "summary judgment is proper, despite the question of knowledge or intent, 'if the party opposing summary judgment fails to indicate that he can produce the requisite

quantum of evidence to enable him to reach the jury with his claim.' " *Williams v. Obstfeld*, 314 F.3d 1270, 1277 (11th Cir. 2002). This is precisely the case here.

In discharging its initial burden, Dex Media presents evidence from YPPI's President, William Trent Moore, that he did not have any evidence that anyone at Dex Media intended to convey false copyright management information or conceal infringement of YPPI's copyrights when they placed the copyright notice on the Dex Media directories. [Doc. 64-5 at pp. 2-3, Doc. 73-3 at pp. 59: l. 19 – l. 24, 61: l. 10 – l. 16]. Without more, YPPI states merely that this testimony was given in Mr. Moore's personal capacity. [Doc. 112 at p. 14]. Regardless, Mr. Moore is the President and sole employee of YPPI.[6] YPPI also contends that the declaration of Kim Brooks was contradicted by Brooks' own deposition and was a flimsy basis on which to seek summary judgment. *Id.* However a clear reading of Dex Media's motion indicates that it did not rely on Brooks' declaration to show the lack of intent. [Doc. 73 at pp. 15-16]. It relied on the testimony of Mr. Moore and YPPI's inability to establish the element of intent.

In fact, Ms. Brooks, the Senior Manager of Print Directory Fulfillment at Dex Media, testified that she is responsible for the team that compiles the covers that are used in the directories published by Dex Media. [Doc. 113-4 at p. 6]. She further

---

[6] While YPPI claimed that the evidence was provided by Mr. Moore in his individual capacity, there is no record evidence of that. Additionally, Mr. Moore's Declaration indicates that he is the President and sole employee of YPPI. [Doc. 112-1]. Additionally, YPPI's Initial Rule 26(a) Disclosures filed with the Court as an exhibit to Dex Media's Motion to Compel Deposition, reflect that Mr. Moore was identified as YPPI's President and having information regarding the allegations in the Amended Complaint. [Doc. 64, Doc. 64-5 at pp. 2-3].

testified, consistent with her declaration, that her personal understanding is that the intent in placing copyright notices on the cover of the directories is to copyright the directories as a whole. *Id.* at p. 7; *see also* Doc 74.

Moreover, pursuant to § 1202(a), a person must act "knowingly and with the intent to induce, enable, facilitate, or conceal infringement" for liability to exist for distribution of false copyright management information. This translates to a "double scienter requirement." *See Krechmer v. Tantaros*, 747 F. App'x 6, 9 (2d Cir. 2018); *Nucap Indus., Inc. v. Robert Bosch LLC*, No. 15 C 02207, 2019 WL 4242499, at *12 (N.D. Ill. Sept. 7, 2019) (noting that "both the Second and Ninth circuits have concluded that the statute includes a 'double scienter requirement.' "). It requires that a defendant act with both *knowledge* and *intent*. YPPI has not presented any evidence has to knowledge or intent. As discussed, Mr. Moore, YPPI's President, testified that he did not have any evidence that anyone at Dex Media intended to convey false copyright management information when they placed the copyright notice on the Dex Media directories or conceal infringement of YPPI's copyrights. This sounds the death-knell for YPPI's claim. As such, summary judgment must be granted in favor of Dex Media as YPPI has not produced the requisite quantum of evidence to enable the issue of intent to reach the jury.[7]

## IV.    CONCLUSION

---

[7] Having concluded that Dex Media is entitled to summary judgment, as a matter of law, the Court need not address the issue of whether YPPI's claim is barred by res judicata and collateral estoppel.

In conclusion, Dex Media did not convey copyright management information regarding YPPI's images that were inside and on the front cover of its directories through its copyright notice—"© 201[_] Dex Media, Inc. All rights reserved"—that appeared on the front cover of its directories. Instead, the notices conveyed copyright information about the work as a whole. Moreover, YPPI cannot show that Dex Media knowingly and with intent to induce, enable, facilitate, or conceal infringement, provided, or imported for distribution copyright management information that is false. As no genuine issues of material fact exist, Dex Media is entitled to summary judgment in its favor as a matter of law.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. Dex Media's Motion for Summary Judgment [Doc. 73] is **GRANTED**.

2. The Clerk is directed to enter judgment in favor of Defendant Dex Media, Inc. and against Plaintiff Yellow Pages Photos, Inc.

3. The Clerk is further directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, on this 3rd day of February 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record